

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Magistrate Case No.: '08 MJ 8074 |
| Plaintiff, | COMPLAINT FOR VIOLATION OF |
| v. | 21 U.S.C. § 952 and 960 |
| Adolfo CASTILLO-Valle | Importation of a Controlled Substance (Felony) |
| Defendant. | |

The undersigned complainant being duly sworn states:

That on or about January 25, 2008, within the Southern District of California, Adolfo CASTILLO-Valle did knowingly and intentionally import approximately 37.58 kilograms (82.67 pounds) of cocaine, a Schedule II Controlled Substance, into the United States from a place outside thereof, in violation of Title 21, United States Code, Sections 952 and 960.

The complainant states that this complaint is based on the attached Statement of Facts incorporated herein by reference.

_____
Special Agent
U.S. Immigration & Customs Enforcement

SWORN TO, BEFORE ME, AND SUBSCRIBED IN MY PRESENCE THIS 28th DAY OF JANUARY, 2008.

_____
Peter C. Lewis
U.S. MAGISTRATE JUDGE

UNITED STATES OF AMERICA
v.
Adolfo CASTILLO-Valle

STATEMENT OF FACTS

This complaint is based upon the personal observations, investigation and information provided to U.S. Immigration and Customs Enforcement Special Agent Douglas Struckmeyer.

On January 25, 2008, Adolfo CASTILLO-Valle entered the United States at the Calexico, California East Port of Entry. CASTILLO was the driver of a 1999 Dodge Ram 1500 registered in his name. As Customs and Border Protection Officer (CBPO) A. Felix was conducting his primary inspection, Canine Enforcement Officer (CEO) J. Jones performed a pre-primary sweep of CASTILLO's vehicle using his Narcotic Detector Dog (NDD). As CBPO Felix received a negative customs declaration from CASTILLO, CEO Jones notified him that the NDD had alerted to the odor of a controlled substance coming from the vehicle. CBPO Felix placed CASTILLO in handcuffs and escorted him the vehicle secondary office.

CEO Jones drove the vehicle to the secondary inspection area for further inspection. During the inspection, a non-factory compartment was found in the firewall of the vehicle. A total of 33 packages were found concealed within the compartment. The combined weight of the packages was approximately 37.58 Kilograms (82.67 pounds). A sample taken from one of the packages field tested positive for cocaine.

Special Agents (S/A) D. Struckmeyer and L. Swanson interviewed CASTILLO. S/A Struckmeyer provided CASTILLO with his constitutional rights per Miranda, with

S/A Swanson present. CASTILLO orally waived her rights, as well as signing the written waiver of rights, agreeing to make a statement.

CASTILLO denied any knowledge of the controlled substance; however he made several inconsistent statements during the interview. CASTILLO claimed that he loaned his vehicle to a friend on January 24, 2008, and that he had never let anybody borrow his vehicle prior to that date. He also stated that the last time he entered the United States was on January 17, 2008. Record checks revealed that his last entry was, in fact, on January 17, but that his truck entered the United States and received a 7-point inspection and K-9 inspection on January 22, 2008. When Special Agent Struckmeyer informed him that his truck had entered the United States on January 22, he stated that he drove his truck into the United States on that day, however he was unable to correctly describe the inspection of his vehicle on that crossing.

Executed on 1/26/08 at 3:00 PM         _____
                                        Douglas A. Struckmeyer, Special Agent
                                        U.S. Immigration and Customs Enforcement

On the basis of the facts presented in the probable cause statement consisting of three (3) pages, I find probable cause to believe that the defendant named in this probable cause statement committed the offense on January 25, 2008, in violation of Title 21 United States Code, Section(s) 952 & 960

_____ Date 1-26-08
United States Magistrate Judge         @ 3:27 pm